SHAWN A. MANGANO, ESQ.
California Bar No. 206067
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LEON, an individual; DENISE NICHOLS, an individual; and MEDBILLZ, INC., a corporation of unknown origin,<br><br>Defendants. | Case No.: 2:10-cv-01672-GMN-LRL<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Michael Leon ("Mr. Leon"), Denise Nichols ("Ms. Nichols") and MedBillz, Inc. ("Medbillz"; collectively with Mr. Leon and Ms. Nichols known herein as the "Defendants") on information and belief:

### NATURE OF ACTION

1.      This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. MedBillz is, and has been at all times relevant to this lawsuit, a corporation of unknown origin.

5. Attempts to find evidence of formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, Nevada, New York, Tennessee and Texas demonstrate that, at least with respect to these states, MedBillz is not a formally organized business entity.

6. Medbillz's principal place of business is, and has been at all times relevant to this lawsuit, located in California at the following address: 9840 Via de la Amistad, #3-C304, San Diego, California 92154.

7. MedBillz is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <veteranstoday.com> (the "Domain").

8. Mr. Leon is, and has been at all times relevant to this lawsuit, identified by the content accessible through the Domain (said content accessible through the Domain known herein as the "Website") as the "Managing Editor" of the Website, attached hereto as Exhibit 1.

9. Mr. Leon maintains, and has maintained at all times relevant to this lawsuit, editorial control of the Website.

10. Ms. Nichols is, and has been at all times relevant to this lawsuit, identified as a member of the "Editorial Board of Directors" for the Website, as evidenced by the "Board of Directors & Staff Writers" page of the Website, attached hereto as Exhibit 1.

11. Ms. Nichols reproduced an unauthorized copy of the Righthaven-owned literary work entitled: "A veteran of war with the truth" (the "Work"), attached hereto as Exhibit 2, and posted said unauthorized copy (the "Infringement"), attached hereto as Exhibit 3, on the Website.

12. MedBillz is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted on the Website, as evidenced by a copyright notice displayed on the Website: "COPYRIGHT © 2010. ALL RIGHTS RESERVED."

**JURISDICTION**

13. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

14. Righthaven is the owner of the copyright in and to the Work.

15. The Defendants willfully copied, on an unauthorized basis, the Work.

16. On or about September 26, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

**VENUE**

17. The United States District Court for the Southern District of California is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in California.

18. The United States District Court for the Southern District of California is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Medbillz is subject to personal jurisdiction in California.

19. The United States District Court for the Southern District of California is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because Medbillz is subject to personal jurisdiction in California.

## **FACTS**

20. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

21. Righthaven is the owner of the copyright in and to the Work.

22. The Work was originally published on or about September 26, 2010.

23. On November 19, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-521992552, and attached hereto as Exhibit 4 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

24. On or about September 26, 2010, Ms. Nichols posted the Infringement on the Website, and the indication of Ms. Nichols's posting of the Infringement on the Website is depicted in Exhibit 3, wherein the Infringement states: "September 26, 2010 posted by Denise Nichols."

25. On or about September 26, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

26. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

27. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

28. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 27 above.

29. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

30. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

31. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

32. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

33. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

34. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

35. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

36. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

37. Mr. Leon has willfully engaged in the copyright infringement of the Work.

38. Ms. Nichols has willfully engaged in the copyright infringement of the Work.

39. MedBillz has willfully engaged in the copyright infringement of the Work.

40. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

41. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.  Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a.  All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b.  All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c.  All financial evidence and documentation relating to the Defendants' use of the Work;

3.  Direct GoDaddy, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4.  Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.  Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.  Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.  Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this twenty-fourth day of November, 2010.

> RIGHTHAVEN LLC
>
> By: /s/ J. Shawn A. Mangano
>
> SHAWN A. MANGANO, ESQ.
> Nevada Bar No. 6730
> shawn@manganolaw.com
> SHAWN A. MANGANO, LTD.
> 9960 West Cheyenne Avenue, Suite 170
> Las Vegas, Nevada  89129-7701
> Tel: (702) 683-4788
> Fax: (702) 922-3851