SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorneys for Righthaven LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>              Plaintiff,<br>v.<br><br>MICHAEL LEON, an individual; DENISE NICHOLS, an individual; and MEDBILLZ, INC., a corporation of unknown origin,<br><br>              Defendants. | Case No.: 2:10-cv-01672-GMN-LRL<br><br>**PLAINTIFF RIGHTHAVEN LLC'S STATUS REPORT PRIOR TO HEARING SCHEDULED FOR APRIL 20, 2011 AT 10:00 A.M.** |

      Righthaven LLC ("Righthaven") hereby submits this Status Report Prior to Hearing Scheduled for April 20, 2011 at 10:00 a.m. (the "Status Report").  Righthaven submits this Status Report in order to familiarize the Court with some of the procedural history and circumstances that have apparently given rise to the scheduled hearing in this matter.  (Doc. # 30.)

      Righthaven filed its Complaint in this action on September 27, 2010 against Michael Leon ("Leon") and Medbillz, Inc. ("Medbillz").  (Doc. # 1.)  Righthaven's Complaint apparently did not name Denise Nichols ("Nichols") as a defendant in this action.  (*Id.*)  On November 24, 2010, Righthaven filed an Amended Complaint, which named Nichols as a defendant and asserted a separated copyrighted work that had been infringed by her.  (Doc. # 8.)  Righthaven's

1

Amended Complaint, however, was erroneously filed in this judicial district.  Rather, the Amended Complaint should have been filed as a separate action in the United States District Court for the Southern District of California, which is how the "Amended Complaint" is entitled.  (*Id.*)  Apparently this filing was erroneously submitted in this action because of the similarity of the defendants named in the "Amended Complaint."

      Righthaven became aware of that its "Amended Complaint" was filed improperly in this judicial district upon receipt of Leon's various motions to dismiss, motions to amend and other filings with the Court.  (*See* Doc. # 22-24, 27.)  Righthaven was precluded from voluntarily dismissing this action and correcting its filing errors by commencing a new action in this judicial district and an action in the southern district of California because Leon had answered the Amended Complaint on March 25, 2011.  (Doc. # 19.)  Instead, Righthaven commenced settlement negotiations on April 13, 2011 with Leon and also commenced settlement negotiations with Nichols' counsel shortly thereafter in an attempt to resolve the disputes without having to dismiss and re-file the actions in two separate judicial districts.

      Discussions were productive with Leon and Nichols' counsel.  For some unknown reason, Leon, however, continues to file motions with the Court and has sent electronic mail correspondence to Righthaven's in-house counsel alluding to potential federal criminal liability.  Shortly thereafter, this Court entered the Minute Order setting this matter for a hearing on April 20, 2011, at 10:00 a.m.

      As set forth above, Righthaven filed the Amended Complaint in this action by mistake.  Leon's Answer and related motions are all directed to the Amended Complaint.  (Doc. # 19, 23, 24, 26, 27.)  Moreover, Nichols has additionally challenged Righthaven's allegations based on the contents of its original Complaint.  (Doc. # 22.)  Based on these circumstances, Righthaven asks the Court to strike the Amended Complaint and all subsequent filings in this action because the Amended Complaint was filed in error.  Doing so should enable Righthaven to correct the contents of the operative pleading before the Court and initiate a separate action in the southern district of California.  Moreover, striking the erroneous Amended Complaint will further enable Righthaven to decide whether or not it should amend or voluntarily dismiss, and potentially re-

file, this action against one or more of the current defendants.  In this regard, it is noted that Leon was served outside the 120-day period of doing so.  As such, Leon has asked for this action to be dismissed, which would be authorized under Federal Rule of Civil Procedure 4(m).  Such a dismissal, however, would almost certainly be without prejudice and not preclude a re-filing against Leon in this judicial district.

      Righthaven certainly understands the Court's confusion over the status of this action. Hopefully this Status Report provides an adequate background underlying the confusing circumstances presented so that the Court can properly evaluate the most appropriate course of action for this case.

      Dated this 18th day of April, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano, Esq.
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

 Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 18th day of April, 2011, I caused the foregoing document to be to be served by the Court's CM/ECF system, as well as deposited in a sealed envelope, a copy of in the United States Mail, with first-class postage affixed thereto, to the following persons:

Michael Alan Leon
5767 Monticello Way
Fitchburg, WI 53719
*Pro Se Defendant*
*Michael Leon*

              SHAWN A. MANGANO, LTD.

              By: /s/ Shawn A. Mangano, Esq.
              SHAWN A. MANGANO, ESQ.
              Nevada Bar No. 6730
              shawn@manganolaw.com
              9960 West Cheyenne Avenue, Suite 170
              Las Vegas, Nevada 89129-7701
              Tel: (702) 304-0432
              Fax: (702) 922-3851

              *Attorney for Righthaven LLC*