J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662

Appearance Attorney for Defendant,
Michael Leon

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL LEON, an individual; DENISE NICHOLS, an individual; and MEDBILLZ, INC. a corporation of unknown origin,<br><br>                Defendant. | Case No. 2:10-cv-01672<br><br>**MEMORANDUM OF LAW AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT MICHAEL LEON'S COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

**MEMORANDUM OF LAW AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT MICHAEL LEON'S COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS**

    Randazza Legal Group (hereinafter, collectively, the "Firm") and attorney J. Malcolm DeVoy IV (hereinafter, "DeVoy"), retained for Defendant Michael Leon's April 20, 2011 hearing in the above-captioned matter, hereby files this memorandum of law and points of authorities in support of its motion for attorney's fees against Righthaven LLC (hereinafter, "Righthaven"), pursuant to Fed. R. Civ. P. 54, 17 U.S.C. § 505, and the Court's April 20, 2011 order granting an award of attorney's fees to Defendant Michael Leon.

**I. Facts**

    On April 18, 2011, this Court scheduled a hearing in the above-captioned matter for April 20, 2011 (Doc. # 30). Defendant Michael Leon (hereinafter, the "Defendant," or "Leon") had

been proceeding pro se in this action, and reached out to DeVoy to represent him in his April 20, 2011 hearing. (Aff. of J. Malcolm DeVoy, hereinafter "DeVoy Aff." ¶¶ 5-8.) At the conclusion of this hearing, the Court dismissed Righthaven's case against Leon without prejudice and awarded attorney's fees to the Defendant. (Doc. # 37.)

DeVoy represented in Court, accurately and truthfully, that his representation of Leon was pro bono. Leon's retainer agreement with the Firm, however, contained a provision allowing Randazza Legal Group to seek attorney's fees when awarded by the Court. (DeVoy Aff. ¶ 9.) Since the hearing, DeVoy has repeatedly conferred and attempted to meet with Righthaven through discussions with its counsel of record in this case, Shawn Mangano, in an effort to recover attorney's fees from Righthaven. (*Id*. ¶¶ 18-21.) These discussions, however, have been inconclusive (*id*. ¶¶ 22-23). As Fed. R. Civ. P. and Local Rule 54-16 require a motion for attorney's fees to be made within 14 days of the case's disposition, Righthaven's inability to expeditiously resolve this issue compels the Firm to file this Motion, attached Memorandum of Law and related exhibits.

**II. Legal Standard for Attorney's Fees**

Under Fed. R. Civ. P. 54(d), a prevailing party may recover the costs entailed with representation as well as attorney's fees; the Court retains discretion over what a "reasonable" attorney's fee is. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (articulating the lodestar standard of taking the number of hours reasonably expended on a case and multiplying it by a reasonable hourly rate); *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1174 (D. Nev. 1999) (applying the lodestar factors to determine an appropriate attorney's fee award). Pursuant to 17 U.S.C. § 505, a prevailing party is also entitled to receive attorney's fees and costs. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614-15 (9th Cir. 2010); *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994). In these cases, a "prevailing" party is defined as the party to obtain "a material alteration of the legal relationship of the parties." *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 2 -

Furthermore, this Court has already determined that an award of attorney's fees will be proper, if not inevitable, and invited Leon to apply for them. (Doc. # 37.) As such, and in light of the Court's broad discretion to grant such an award, further justification of an attorney's fees award would purely be academic.

**III. This Firm is Entitled to Attorney's Fees from Righthaven.**

During the April 20, 2011 hearing in this case, and the subsequent order by the Court (Doc. # 37), Judge Navarro's intent to award attorney's fees and costs to Leon and his appearance counsel was abundantly clear. Consistent with Judge Navarro's order, Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505 (allowing a prevailing party to recover attorney's fees and costs in copyright matters) allow the Firm to recover its legal fees in this action. On this basis, the Firm seeks fees to which it is rightly entitled.

DeVoy represented Defendant Leon on a pro bono basis in Leon's April 20, 2011 hearing, and also responded to lengthy correspondence from Righthaven's counsel in connection with that hearing without charge to the client. (DeVoy Aff. ¶¶ 5-8.) The Firm's written legal services agreement with Leon, however, specifically contemplated the Court's award of attorney's fees, and included the following clause:

> 7. ORDER OR AGREEMENT FOR PAYMENT OF ATTORNEYS' FEES OR COSTS BY ANOTHER PARTY.
> The court may order, or the parties to the dispute may agree, that another party (such as an insurer or the defendant) will pay some or all of the Client's fees, costs or both. Should that occur, Attorney shall receive as Attorney's fee the amount of the award of attorneys' fees and costs as made by the Court or by agreement of the parties to the dispute, less any fees or costs already paid by Client to Attorneys.

(*Id*. ¶ 9.) Leon agreed to this provision by retaining the Firm. (*Id*. ¶¶ 8-9.) By retaining DeVoy and the Firm, Leon specifically agreed to allow the Firm to seek attorney's fees and costs – even if the case was taken pro bono.

//

//

- 3 -

### A. The Ninth Circuit Allows Pro Bono Counsel to Recover Attorney's Fees and Costs When Awarded by a Court.

Precedent in this Circuit supports this Court's award of attorney's fees to the Firm. The United States Court of Appeals for the Ninth Circuit (hereinafter, the "Ninth Circuit") has repeatedly held that pro bono counsel is entitled to recover attorney's fees upon a court making such an award. *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) ("[t]he fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate"). A court's award of attorney's fees, even in pro bono cases, is important in promoting the enforcement of fee-shifting statutes. *Curran v. Dept. of Treasury*, 805 F.2d 1406, 1408 (9th Cir. 1986). Indeed, this is a practice that even the United States Supreme Court has ratified. *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (awarding market rate fees to pro bono counsel pursuant to an award of attorneys' fees, further stating that "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization").

Within this framework, the Firm is entitled to an award of attorney's fees even if its representation of Leon was on a pro bono basis. Even if Leon had not agreed to the retainer language, "Attorney shall receive as Attorney's fee the amount of the award of attorneys' fees and costs as made by the Court or by agreement of the parties to the dispute, less any fees or costs already paid by Client to Attorneys," (DeVoy Aff. ¶ 9) the law concerning such awards in pro bono matters, as established by the Supreme Court and Ninth Circuit, supports granting such an award to the Firm for the work performed by DeVoy in this case. Righthaven's case against Leon was dismissed (Doc. # 37), making the Firm's representation of Leon a success.

### B. This Firm is Entitled to Attorney's Fees For All Time Spent Preparing for, Participating in, and Seeking Fees Arising from the April 20, 2011 Hearing.

The Firm seeks an attorney's fee award for the time it expended preparing for and engaging in the April 20, 2011 hearing, as well as the time expended seeking attorney's fees by conferring with Righthaven's counsel and ultimately preparing this Motion. Because of the

- 4 -

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

nature of Leon's one-off representation for the hearing, diligence compelled a careful review of the record and arguments at issue in the case. (DeVoy Aff. ¶¶ 5-8, 13-14.)  Moreover, the correspondence Righthaven propounded on DeVoy, despite being aware of the extremely narrow scope of his representation (*see* Doc. # 34), increased the time spent preparing for Leon's hearing. (*Id*. ¶¶ 10-12; Aff. Exhs. A and B.)

The Firm's time spent pursuing an award of attorney's fees is properly included in the Court's award of fees and costs.  The Ninth Circuit has held that the attorney time spent moving for fees and applying for a fee award is proper to include as part of the Court's final attorney's fee award. *Holland v. Roeser*, 37 F.3d 501 (9th Cir. 1994); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (holding that time spent preparing a fee application is compensable within a reasonable attorney's fee).  While many decisions concerning attorney's fees awards at the district and appellate level arise from federal civil rights statutes, as opposed to the Copyright Act and 17 U.S.C. § 505 in particular, the Supreme Court has held that what constitutes a "reasonable" fee award under *any* federal fee-shifting statute applies with equal force to *all* federal fee-shifting statutes. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (holding that language about what is a "reasonable" fee award in case law applies equally to all federal fee-shifting statutes).  Thus, this precedent concerning the reasonableness of including the time spent moving and applying for attorney's fees under 42 U.S.C. § 1988, or a similar federal fee-shifting statute, applies with equal force to 17 U.S.C. § 505.  As such, the time spent by the Firm in preparing this Motion should be included in the Court's award of attorney's fees and costs.

**C. The Fees Sought by this Firm are Reasonable, as are the Hours Expended in this Case.**

When exercising their authority to grant attorney's fees, the courts have held that such awards must be "reasonable." *Fischer v. SJB-P.D. Inc.*, 214 F.3d at 1119; *Ilick v. Miller*, 68 F. Supp. 2d at 1174.  In the Ninth Circuit, this standard is met using the lodestar test, which

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 5 -

multiplies the hours reasonably spent on the case by a reasonable hourly fee. *Fischer*, 214 F.3d at 1119; *Ilick*, 68 F. Supp 2d at 1174.

Under the lodestar test, this Court must determine what hours were reasonably spent working on the case. In order to determine the reasonableness of hours expended, courts look to two primary factors: The adequacy of documentation for time spent, and the results obtained by counsel. *Corbett v. Wild W. Enterprises, Inc.*, 713 F. Supp. 1360, 1365 (D. Nev. 1989); *see also Gorelangton v. Reno*, 638 F. Supp. 1426 (D. Nev. 1986). Based on the time entries and explanations of tasks accomplished within that time found in Exhibit A, all of the time attorney DeVoy spent working on this matter is reasonably expended on the matter. Moreover, by obtaining a dismissal and award of attorney's fees for his client, DeVoy obtained a favorable disposition of the case with only essential preparation performed. Thereafter, only 1.5 hours were devoted to research and multiple phone calls and e-mails with Righthaven LLC's counsel in an ongoing effort to obtain a reasonable attorney's fees award in advance of this Motion. (Exh. A; DeVoy Aff. ¶¶ 18-23.) The time expended to complete this Motion and supporting Memorandum of Law is, similarly, the minimal necessary to comply with the Local Rules and ensure thorough, competent advocacy. The work on the instant Motion, too, is supported by detailed time entries (Exh. A).

The second lodestar factor courts consider is the reasonableness of the hourly rate by which the hours expended on the case are multiplied. *Corbett*, 713 F. Supp at 1365. Here, the locality where the case is heard governs the reasonableness of attorneys' rates. *Maldonado v. Lehman*, 811 F.2d 1341, 1342 (9th Cir. 1987); *Corbett*, 713 F. Supp at 1365. In this case, DeVoy's customary market rate of $275 per hour is reasonable within Las Vegas. (Exh. A; DeVoy Aff. ¶¶ 33, 41.) This determination is based on DeVoy's credentials, expertise in intellectual property matters, and depth of experience in cases defending against Righthaven. (*Id.* ¶¶ 2-4.) Even before Leon retained DeVoy for the April 20, 2011 hearing, Randazza Legal

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Group and DeVoy himself were nationally regarded as among the most prominent and active attorneys in Righthaven cases.[1] (*Id.*) In light of DeVoy's accomplishments academically and in practice, as well as the increasingly deep substantive issues arising in Righthaven cases, his hourly fee of $275 is not only customary, but reasonable and supported within the Las Vegas legal economy. (*See* DeVoy Aff. ¶¶ 33, 41.) As such, the Court's award of attorney's fees is properly calculated based on this rate.

**Conclusion**

In light of the Court's April 20, 2011 order (Doc. # 37), Fed. R. Civ. P. 54 and 17 U.S.C. § 505, the Firm is entitled to a Court award of attorney's fees from Righthaven. Supreme Court and Ninth Circuit precedent support such an award of attorney's fees, even though Leon was not obligated to pay for his representation. All of the time spent by DeVoy relating to Leon's hearing – including the time invested in preparing this Motion and supporting documents – is reasonable, and should be reflected in an award of attorney's fees. Moreover, DeVoy's hourly rate of $275 is reasonable by all market standards, and should be the factor by which the hours DeVoy worked on this matter are multiplied in the Court's award of attorney's fees.

Dated May 3, 2011                                                Respectfully Submitted,

RANDAZZA LEGAL GROUP

_____
J. Malcolm DeVoy IV

Appearance Attorney for Defendant,
*Michael Leon*

---

[1] *See, e.g.*, Steve Green, *More Defendants Fighting Righthaven Copyright Lawsuits*, Las Vegas Sun (Apr. 13, 2011), *available at* http://www.vegasinc.com/news/2011/apr/13/more-defendants-fighting-righthaven-copyright-laws/ (*last accessed* May 1, 2011); David Ardia, *Media Bloggers Assn Files Amicus Brief in Righthaven Case Blasts Business Model Behind Lawsuits*, Citizen Media Law Project (Feb. 24, 2011), http://www.citmedialaw.org/blog/2011/media-bloggers-assn-files-amicus-brief-righthaven-case-blasts-business-model-behind-lawsui (*last accessed* May 1, 2011); Steve Green *National Bloggers' Group Intervenes In Copyright Lawsuit Campaign*, Las Vegas Sun (Feb. 23, 2011), *available at* http://www.lasvegassun.com/news/2011/feb/23/bloggers-group-intervenes-copyright-lawsuit-campai/ (*last accessed* May 1, 2011);

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113