J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662

Appearance Attorney for Defendant,
Michael Leon

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>              Plaintiff,<br><br>       vs.<br><br>MICHAEL LEON, an individual; DENISE NICHOLS, an individual; and MEDBILLZ, INC. a corporation of unknown origin,<br><br>              Defendant. | Case No. 2:10-cv-01672<br><br>**AFFIDAVIT OF J. MALCOLM DEVOY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES** |

**AFFIDAVIT OF J. MALCOLM DEVOY IN SUPPORT
OF MOTION FOR ATTORNEY'S FEES**

I, J. MALCOLM DEVOY, hereby declare as follows:

1.     I am a duly licensed attorney in Nevada and a member of the Nevada bar in good standing, attorney for the Randazza Legal Group law firm, and served as counsel for Michael Leon at his April 20, 2011 hearing in this matter.

2.     I am, or have been at various points, counsel of record in five cases where Righthaven LLC has been the Plaintiff, and have participated as counsel against Righthaven LLC many more cases where the Defendant did not appear before the Court and require my appearance.

3.     I have seen news coverage of my firm's participation, and myself in the role of attorney, in these Righthaven LLC cases in news outlets and web logs including the New York

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Times, Las Vegas Sun, Ars Technica, Techdirt, the Citizen Media Law Project and Daily Kos, among others.

4. In addition to being licensed in Nevada, I am licensed in Wisconsin as well, and have been active in copyright litigation in both states.

5. On April 18, 2011, I was contacted by Defendant Michael Leon (hereinafter, "Leon") regarding a hearing that the Court had scheduled that day (Doc. # 37) for April 20, 2011.

6. Leon retained me for the purpose of representing his interests at the hearing, as it came shortly after the April 15, 2011 unsealing of Righthaven LLC's Strategic Alliance Agreement with Stephens Media LLC in *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-01356, Doc. # 79-1 (D. Nev., filed Mar. 9, 2011).

7. Based on this newly revealed evidence, I believed that the issue of subject matter jurisdiction would potentially be raised at the April 20, 2011 hearing, pursuant to Federal Rule of Civil Procedure 12(h)(3) (requiring a court to dismiss an action at any time it finds subject matter jurisdiction is not present).

8. On April 18, Randazza Legal Group and Michael Leon entered into a written agreement wherein I would provide legal representation for Leon at his April 20, 2011 hearing, and solely for that hearing, on a pro bono basis due to the significant issues potentially at bar.

9. This agreement contained a specific term relating to the recovery of attorney's fees, which Leon agreed to in signing the agreement:

> **7. ORDER OR AGREEMENT FOR PAYMENT OF ATTORNEYS' FEES OR COSTS BY ANOTHER PARTY.**
> The court may order, or the parties to the dispute may agree, that another party (such as an insurer or the defendant) will pay some or all of the Client's fees, costs or both. Should that occur, Attorney shall receive as Attorney's fee the amount of the award of attorneys' fees and costs as made by the Court or by agreement of the parties to the dispute, less any fees or costs already paid by Client to Attorneys.

10. On the morning of April 19, 2011, I received a phone call from Steven Ganim of Righthaven, LLC, regarding Leon's Motion to Retain Counsel (Doc. # 34), which Leon served on Ganim via e-mail. I then conferred with Leon about the substance of my conversation with

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

Mr. Ganim.

11. In the afternoon of April 19, 2011, I received correspondence from Shawn Mangano, Esq., counsel of record for Righthaven LLC in this matter, regarding my representation of Leon. A true and correct copy of this letter is attached hereto as Affidavit Exhibit A.

12. I conferred with Leon concerning the contents of Mr. Mangano's letter, and sent confirmatory correspondence to Mr. Mangano. A true a correct copy of my letter to Mr. Mangano is attached hereto as Affidavit Exhibit B.

13. To prepare for the hearing, I reviewed the Complaint (Doc. # 1), Amended Complaint (Doc. # 8), summonses issued for Leon, Medbillz, Inc. and Defendant Denise Nichols (Docs. # 6, 10, 12), Plaintiff's Status Report in anticipation of the April 20 hearing (Doc. # 32) and the Defendants' filings, including answers, letters, motions to dismiss and amendments thereto (Docs. # 19, 22-24, 26-27, 33-34).

14. I also engaged in a review of the case law in the Ninth Circuit and other Circuits regarding standing to sue when less than a full copyright right under 17 U.S.C. § 106 is assigned to a plaintiff in anticipation of this issue being raised, as the argument – raised by Righthaven LLC's Strategic Alliance Agreement with Stephens Media LLC – was introduced in Motions to Dismiss for lack of Subject Matter Jurisdiction filed on April 17, 2011 in *Righthaven LLC v. Vote for the Worst LLC*, Case No. 2:10-cv-01045, Doc # 33 (D. Nev., filed Apr. 17, 2011) and *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050, Doc. # 16 (D. Nev., filed Apr. 17, 2011).

15. On April 20, 2011, I traveled to, prepared for and appeared in Leon's hearing.

16. At the hearing's conclusion, Righthaven LLC's case against Leon was dismissed, without prejudice, and the Court had granted Leon leave to seek attorney's fees (*see* Doc. # 37).

17. I then de-briefed, by phone and e-mail, Leon and the firm's management concerning the hearing.

18. On April 21, 2011, I called Righthaven LLC's counsel, Shawn Mangano, regarding the Court's award of leave to seek attorney's fees during the April 20, 2011 hearing (Doc. # 37), in an effort to meet and confer with opposing counsel and resolve this issue without further

- 3 -

motion practice.

19. From April 21 to April 23, I exchanged e-mails with Mr. Mangano about the possibility of resolving the attorney's fees award issue outside of court, and without further motion practice. True and correct copies of e-mails exchanged between myself and Shawn Mangano are attached as Affidavit Exhibit C.

20. On the morning of Monday, April 25, I called Mr. Mangano with respect to our ongoing e-mail exchanges and the issue of his client's willingness to resolve the dispute out of court.

21. During an April 28, phone call with Mr. Mangano, I again inquired about the issue of receiving attorney's fees arising from the April 20 hearing with Righthaven LLC.

22. Despite these e-mails and phone calls, Righthaven has not taken a position regarding the payment of attorney's fees to Randazza Legal Group in connection with my representation of Michael Leon.

23. At this time, there is no agreement between Righthaven LLC and Randazza Legal Group as to the payment of attorney's fees, despite my repeated efforts to engage Righthaven LLC without pursuing this Motion.

24. I have performed all of the billing related to Leon's representation, including preparation for the April 20 hearing, participation in that hearing, and time expended seeking attorney's fees from Righthaven LLC.

25. I tracked the time I spent on this matter by entering it, in increments of one-tenth of an hour, using Randazza Legal Group's time-tracking and billing software, Bill 4 Time.

26. Using the Bill 4 Time desktop application, I entered each time entry shortly after completing the work represented by that time entry, and provided a brief description of the services rendered during that time.

27. The invoice attached to this Motion as Exhibit A, is a true and correct copy of a report of hours spent in relation to representing Leon, using the time entries and descriptions I entered into the Bill 4 Time application.

28. The report found in Exhibit A was prepared using the Bill 4 Time interface available at <bill4time.com> after logging in with my account, and selecting the "Invoice" tab, and creating an invoice for Michael Leon.

29. This invoice was configured to display the description each billing entry I entered into the Bill 4 Time application, and display all billing entries from April 18, 2011 to May 3, 2011, to capture all billing entries made in the course of Leon's representation.

30. After selecting these parameters, an invoice displaying time entries for the representation of Michael Leon was generated. This invoice displays the date of the time entry, my initials ("JMD") as the person performing the work, the description I entered for each time entry using Bill 4 Time, and the amount of time spent performing that activity – as I entered into Bill 4 Time – tracked in on-tenths of an hour. The dollar value of each entry is also displayed in the report in the far-right column titled "Amount".

31. At the bottom of the report, totals for labor hours expended in representing Michael Leon and the normal billing rate for such expenditures are displayed with the title "Total Attorney Time."

32. As seen in the report's conclusions, I have spent 13.80 hours representing Leon, including preparing this Motion.

33. My regular hourly billable rate is $275 per hour.

34. Multiplying this rate ($275) by the 13.80 hours I spent working on this matter, the total fees that would have been expended on this matter are $3,795.00.

35. Expenses incurred during the scope of representation, and compensable under the Local Rules, are also reflected in this report as "Total Expenses."

36. Using the Bill 4 Time application, I enter expenses for representation by entering the amount spent, noting for what client, and entering a brief description of the expense.

37. In this case, as seen in Exhibit A, the only expense is $20.00 for parking, incurred on April 20, 2011.

38. Thus, the total amount of costs incurred by Randazza Legal Group in connection with

1 | Leon's representation is $20.00. (Exh. A.)

2 | 39. The total of fees and costs expended by Randazza Legal Group in connection with representing Leon, as seen in the final "Balance (Amount Due)" line of Exhibit A, is $3,815.00.

40. Pursuant to Local Rule 54-16(c), I affirm that I have reviewed and edited the billing report attached as Exhibit A, am responsible for the billings reflected therein, and authenticate that the information contained therein is true and correct.

41. Pursuant to Local Rule 54-16(c), I further affirm that the costs and fees charged as reflected in Exhibit A are reasonable. Due to the skills, experience and recognition achieved by Randazza Legal Group and myself, particularly in these Righthaven cases, the fee of $275 per hour is reasonable as a market rate both nationally and within the Las Vegas legal market.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2011

By: _____
J. Malcolm DeVoy IV

State of Nevada   )
                  ) SS:
Clark County      )

Sworn and subscribed to me this __03__ day of __May__, 2011

_____
Notary Public

My commission expires __6/16/14__

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
DIANNE L HAMRICK
No: 04-87443 1
My Appointment Expires June 16, 2014

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

# AFFIDAVIT
# EXHIBIT A

**SHAWN A. MANGANO, LTD**

SHAWN A. MANGANO, ESQ.
LICENSED IN CALIFORNIA, NEVADA & ILLINOIS

April 19, 2011

J. Malcom DeVoy IV  *Via Electronic Mail to:*
RANDAZZA LEGAL GROUP  *jmd@randazza.com*
7001 West Charleston Boulevard, Suite 1043
Las Vegas, Nevada 89117

    Re:    *Righthaven LLC v. Leon, et al.*
            Case No.: 2:10-cv-01672-GMN-LRL

Mr. Devoy:

    As I am sure you are aware, this firm represents Righthaven LLC ("Righthaven") as outside litigation counsel with regard to the above referenced matter. It is my understanding that Michael Leon ("Leon") has engaged your firm to represent him for, at least, the hearing scheduled tomorrow at 10:00 a.m. before Judge Navarro. In the event you did not receive an ECF copy of a status report filed on behalf of Righthaven last night, which I understand was prior to your engagement by Leon, I am enclosing a PDF copy of same so that you are advised of its contents prior to the hearing. If my understanding is incorrect, and your firm does not represent Leon in connection with the matter, please so advise and I will see that subsequent communication is appropriately directed to Leon or alternative counsel.

    The purpose of this communication is that you advise Leon to cease and desist publicly disseminating false, misleading and libelous statements directed toward me, my firm and Steven Ganim, who acts as in-house counsel for Righthaven. Specifically, Leon's statements, which have been publicly disseminated through posting on his website, clearly cast unwarranted accusations and aspersions about me, my firm's and Mr. Ganim's professional reputations. Some of Leon's comments in this regard include references to my "shake-down responsibilities" being "curtailed after the coming RICO investigation" and advising that I "head off the U.S. DoJ and plead out." Likewise, Leon has advised Mr. Ganim to "[r]un and don't walk to the U.S. Atty's office and tell them you want full immunity as a cooperating witness against Righthaven."

    Your client has also disseminated that Mr. Ganim is apparently not a member of the State Bar of Nevada. In doing so, you client has attempted to cast the impression that Mr. Ganim is holding himself out an attorney when he is not licensed to do so. Once again, your client is wrong. Mr. Ganim is admitted to practice in the State of Florida and he is awaiting his bar examination results from the State Bar of Nevada. At no time has Mr. Ganim implied that he was licensed to practice in this jurisdiction. In fact, I advised Leon via e-mail that he had my consent as counsel of record for Righthaven to speak directly with my client representative, Mr. Ganim. This consent would not have been required if Mr. Ganim was counsel of record, licensed to practice in this jurisdiction, or if he was admitted to appear in the action on a *pro hac vice* basis.

J. Malcom DeVoy IV
RANDAZZA LEGAL GROUP
April 19, 2011
*Righthaven LLC v. Leon, et al.*
Page 2


      Let there be no mistake, I will not tolerate, nor will Mr. Ganim or Righthaven tolerate, the continued professional attacks being disseminated by your client.  Leon is hereby demanded to immediately remove all libelous postings from his website.  Doing so will serve to mitigate potential liability for his unwarranted and clearly actionable conduct.

      Let me make another point crystal clear.  Prior to Leon's actions, Righthaven had been substantively engaged in meaningful and amicable settlement discussions.  These settlement discussions were engaged in under the clearly understanding between myself, Righthaven and Leon that they would be held in strict confidence.  In fact, prior to leaving for a brief visit to Southern California this past weekend, it was my understanding this action was on the verge of global settlement, which would have included Denise Nichols based on my discussions with her counsel in Colorado.  Whatever caused your client to think otherwise, and to feel authorized to launch his unfounded attack on my professional reputation and Mr. Ganim's professional reputation causes me to question your client's mental stability.  Hopefully you will remain as counsel for Leon in this action and the parties can re-engage in meaningful attempts to amicably settle this dispute without having to endure the manic e-mails and telephone calls from Leon.

      In view of the foregoing, I ask that you reign in your client's libelous campaign.  Once such an assurance is provided, and once his libelous statements have been removed from his website, the parties can hopefully work to resolve this matter.  Absent these steps being taken, Righthaven will no longer be discussing a resolution of its claims against Leon, although it will hopefully continue to do so with Ms. Nichols through her counsel.


      Regards,


      /s/ Shawn A. Mangano
      Shawn A. Mangano, Esq.


Enclosure – PDF (status report)

# AFFIDAVIT EXHIBIT B

**RANDAZZA LEGAL GROUP**

Correspondence from:
**J. Malcolm DeVoy IV, Esq.**
jmd@randazza.com

**Reply to Las Vegas Office
via Email or Fax**

April 19, 2011

**JASON A. FISCHER**
Licensed to practice in
Florida
U.S. Patent Office

**MARC J. RANDAZZA**
Licensed to practice in
Massachusetts
California
Arizona
Florida

**JESSICA S. CHRISTENSEN**
Licensed to practice in
California

**JONATHANE M. RICCI**
Licensed to practice in
Michigan
Ontario, Canada
U.S. Tax Court

**J. MALCOLM DEVOY**
Licensed to practice in
Wisconsin
Nevada

www.randazza.com

**Las Vegas**
7001 W. Charleston Blvd.
Suite Number 1043
Las Vegas, NV 89117
Tel: 888.667.1113
Fax: 305.437.7662

**San Diego**
3969 Fourth Avenue
Suite Number 204
San Diego, CA 92103
Tel:  888.667.1113
Fax: 305.437.7662

**Miami**
2 S. Biscayne Boulevard
Suite Number 2600
Miami, FL 33131
Tel: 888.667.1113
Fax: 305.437.7662

**Toronto**
1137 Centre Street
Suite Number 201
Toronto, ON L4J 3M6
Tel: 888.667.1113
Fax: 416.342.1761

<u>Via Email Only</u>
shawn@manganolaw.com

      *Re: Rigthaven LLC v. Leon, et al.,* Case No. 2:10-cv-01762-GMN-LRL

Dear Shawn:

I am writing this letter to confirm receipt of your April 19, 2011 correspondence and status report in *Righthaven LLC v. Leon, et al* (the "Case").  Thank you for sending the case report to me in advance of tomorrow's 10 a.m. hearing.

To clarify the extent of this firm's representation of Mr. Leon, we have been engaged *solely* to represent him during the April 20, 2011 hearing scheduled by Judge Navarro on April 18, 2011.  We have no relationship with Mr. Leon outside of this hearing, and Mr. Leon is acutely aware of this fact.  We understand your concerns about Mr. Leon's statements, and have apprised him of them pursuant to the phone call I had with Mr. Ganim this morning (April 19, 2011).

While we have not spoken on the phone, I trust that Mr. Ganim and Mr. Gibson can verify that my dealings with Righthaven LLC have been professional and courteous.  Neither I, nor this firm, are the source of Mr. Leon's statements, nor in any way ratifying, verifying, or effecting them.  Mr. Leon is not our client for any purpose other than the April 20, 2011 hearing, and thus we have a limited ability to fully redress the concerns raised in your letter, as he has been vocal about his case long before he made contact with us this week.  Despite us bringing these issues to his attention per your request, we do not have an ongoing relationship with Mr. Leon within which we can counsel his behavior.

Due to the limited nature of this representation, we do not claim to be aware of every statement Mr. Leon has made about your client, Righthaven LLC and its employees.  We trust that this communication is fully responsive to your letter and look forward to our meeting tomorrow before Judge Navarro.

                              Best regards,

                              J. Malcolm DeVoy IV

cc:    Marc J. Randazza, Esq.
         Steven Ganim, Esq.

# AFFIDAVIT
# EXHIBIT C

|        |                                                |
|-------:|:-----------------------------------------------|
| From:  | "J. Malcolm DeVoy" <jmd@randazza.com>          |
| Subject: | **Re: Attorneys' fees**                      |
| Date:  | April 23, 2011 11:27:34 AM PDT                 |
| To:    | <shawn@manganolaw.com>                         |
| Cc:    | "Marc J. Randazza" <mjr@randazza.com>          |

Shawn,

To clarify: we took Michael Leon's representation pro bono, with no attorneys' fees to be paid by the client, subject to the conditions in Paragraph 7.  Under the Ninth Circuit's precedent, even pro bono counsel is entitled to seek fees when they are awarded. *See Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) ("The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate"); *Curran v. Dept. of Treasury*, 805 F.2d 1406, 1408 (9th Cir. 1986) (finding that pro bono counsel are often awarded market-rate fees to promote enforcement of underlying fee-shifting statutes); *see also Blum v. Stenson*, 465 U.S. 886, 895-96 (1984) (awarding market rate fees to pro bono counsel pursuant to an award of attorneys' fees).

Between this precedent and the operation of Paragraph 7, there is little doubt that we are entitled to seek fees of approximately $1,100 in this case.  Even if the court were to disagree with us, it has discretion under 17 U.S.C. § 505 to fashion a remedy that will order Righthaven to give the money to a non-profit organization (as hinted at by Judge Navarro during the April 20 hearing).  We are comfortable with this outcome, and would seek to have the court award fees to the Citizens Media Law Project in our stead.

This outcome, however, would require us to seek fees and expend additional time on this project - increasing the amount Righthaven would ultimately have to pay.  The time spent preparing an award of attorneys' fees ultimately is included in the fee award itself. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (holding that language about what is a "reasonable" fee award in case law applies equally to all federal fee-shifting statutes); *Holland v. Roeser*, 37 F.3d 501 (9th Cir. 1994) (finding that the time spent moving for fees and applying for a fee award was properly included as part of the reasonable attorney's fee); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (holding that time spent preparing a fee application is compensable within a reasonable attorney's fee).

Thus, there is little question about our entitlement to attorneys' fees and Righthaven's inevitable payment of them.  If Righthaven agrees to pay us, we will provide an accurate accounting of our time and expenses for what is now approximately $1,100.  If Righthaven objects to such an award, or resists it even in light of the case law cited above, we will be forced to move for fees, ultimately increasing the amount to which we are entitled.

This should clarify our position on the issue, and may be helpful to your client in deciding how to proceed in this situation.

Jay

---

J. Malcolm DeVoy*
**Randazza Legal Group**

7001 W. Charleston Blvd, #1043
Las Vegas, NV 89117

Toll Free:  888-667-1113 x. 4
email:  jmd (at) randazza (dot) com
eFax:  305-437-7662

Other Offices:  Miami, San Diego, Toronto
http://www.randazza.com

---

* Licensed in NV and WI only.

On Apr 22, 2011, at 10:08 PM, <shawn@manganolaw.com> wrote:

> Jay:
>
> Thanks for sending this over.  What does the agreement provide with regard to the amount of fees and costs?  If it is just a pro bono engagement, which I believe that is what it is, then you can just confirm that fact.
>
> Thanks,
>
> S

Shawn A. Mangano, Esq.
Shawn A. Mangano, Ltd.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129
(702) 304-0432 - telephone
(702) 922-3851 - facsimile
*Licensed in California, Nevada and Illinois*

> -------- Original Message --------
> Subject: Re: Attorneys' fees
> From: "J. Malcolm DeVoy" <jmd@randazza.com>
> Date: Thu, April 21, 2011 4:23 pm
> To: <shawn@manganolaw.com> <shawn@manganolaw.com>
> Cc: "Marc J. Randazza" <mjr@randazza.com>
>
> Shawn,
>
> Here is the relevant language from our retainer agreement with Mr. Leon:
>
> **7. ORDER OR AGREEMENT FOR PAYMENT OF ATTORNEYS' FEES OR COSTS BY ANOTHER PARTY.**
> The court may order, or the parties to the dispute may agree, that another party (such as an insurer or the defendant) will pay some or all of the Client's fees, costs or both. Should that occur, Attorney shall receive as Attorney's fee the amount of the award of attorneys' fees and costs as made by the Court or by agreement of the parties to the dispute, less any fees or costs already paid by Client to Attorneys.
>
> Jay
>
> _____
> J. Malcolm DeVoy*
> **Randazza Legal Group**
>
> 7001 W. Charleston Blvd, #1043
> Las Vegas, NV 89117
>
> Toll Free: 888-667-1113 x. 4
> email: jmd (at) randazza (dot) com
> eFax: 305-437-7662
>
> Other Offices: Miami, San Diego, Toronto
> http://www.randazza.com
>
> _____
> * Licensed in NV and WI only.
>
> On Apr 21, 2011, at 4:19 PM, <shawn@manganolaw.com> <shawn@manganolaw.com> wrote:
>
>> Jay:
>>
>> I understand the below set forth conditions for disclosing the retainer agreement between your firm and Mr. Leon. I will not construe its disclosure as a waiver of the attorney-client privilege or, for that matter, a waiver of y work product protection that may additionally be implicated based on the retainer agreement's disclosure.
>>
>> Regards,

S

Shawn A. Mangano, Esq.
Shawn A. Mangano, Ltd.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129
(702) 304-0432 - telephone
(702) 922-3851 - facsimile
*Licensed in California, Nevada and Illinois*

-------- Original Message --------
Subject: Attorneys' fees
From: J. Malcolm DeVoy <jmd@randazza.com>
Date: Thu, April 21, 2011 11:29 am
To: Shawn Mangano <shawn@manganolaw.com>
Cc: "Marc J. Randazza" <mjr@randazza.com>

Shawn,

The retainer agreement this firm has with Mr. Leon is privileged, and any partial disclosure or excerpt of its terms related to attorneys' fees is not, nor shall it be construed as, waiver of that privilege.  Please respond to this e-mail indicating that you agree to and understand these terms, and will not object to or attack the privilege of Mr. Leon's retainer agreement if we provide information from this agreement regarding our entitlement to fees.

Thank you,
Jay

J. Malcolm DeVoy*
**Randazza Legal Group**

7001 W. Charleston Blvd, #1043
Las Vegas, NV 89117

Toll Free:  888-667-1113 x. 4
email:  jmd (at) randazza (dot) com
eFax:  305-437-7662

Other Offices:  Miami, San Diego, Toronto
http://www.randazza.com

* Licensed in NV and WI only.