SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorneys for Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>        Plaintiff,<br>v.<br><br>MICHAEL LEON, an individual; DENISE NICHOLS, an individual; and MEDBILLZ, INC., a corporation of unknown origin,<br><br>        Defendants. | Case No.: 2:10-cv-01672-GMN-LRL<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT MICHEAL LEON'S COUNSEL'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Righthaven LLC ("Righthaven") hereby responds to Defendant Michael Leon's ("Leon") Counsel's ("Opposing Counsel") Motion for Attorney's Fees and Costs (the "Motion", Doc. # 42.). The Motion has been brought in response to Righthaven's agreement to dismiss its Complaint against Leon without prejudice pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). The Court scheduled the April 20, 2011 hearing to discuss the various motions being filed by the Leon and Defendant Denise Nichols ("Nichols") and to ascertain whether service of process had been effectuated as to Leon and Nichols. Righthaven filed a status report prior to the hearing in an attempt to provide the Court with some guidance as to the procedural posture of the case.

Nichols appeared telephonically and through counsel at the hearing.  Leon appeared through Opposing Counsel and via telephone.  Opposing Counsel repeatedly advised the Court that he was specially appearing for the limited purpose of representing Leon at the hearing. Opposing Counsel also repeatedly advised the Court that he was representing Leon on a *pro bono* basis.

During the hearing April 20, 2011 hearing, the Court presented the parties with two options: (1) have the claims dismissed without prejudice pursuant to Rule 4(m) and seek an award of attorney's fees given the possibility that Righthaven could potentially re-file the action; or (2) have the claims dismissed with prejudice pursuant to Rule 4(m) without having an ability to seek an award of attorney's fees because Righthaven would be precluded from re-filing the action. Given that Righthaven was in the midst of what it considered productive settlement discussions with counsel for Nichols, it was granted time to reach a resolution or, if that was not possible, to advise the Court as to whether it would consent to dismissal with or without prejudice pursuant to Rule 4(m).  On May 5, 2011, Righthaven filed a notice of voluntary dismissal with prejudice as to Nichols. (Doc. # 43.)

With regard to Leon, he was unsure of how to proceed.  Opposing Counsel's *pro bono* representation was to conclude at the end of the hearing.  Leon was concerned as to whether or not he would be able to effectively represent himself without counsel.  Opposing Counsel requested a dismissal with prejudice along with an award of attorney's fees and costs.  The Court rejected this request.  Moreover, the Court expressly noted that Opposing Counsel was appearing in a *pro bono* capacity just for the hearing.  During a colloquy with Righthaven's counsel, the Court further explained that given Opposing Counsel's *pro bono* representation, any attorney's fees award would likely be in the form of payment to a non-profit or charitable organization such as the Clark County Pro Bono Project.  In view of this clarification, and in consideration of Leon's general reservations about proceeding in a *pro se* capacity, Righthaven consented to dismissal of its claims against Leon without prejudice pursuant to Rule 4(m).

Given the Court's inclination make any fee award payable to a charitable organization, and given that Opposing Counsel only appeared at one hearing that lasted approximately thirty

minutes, Righthaven is unquestionably shocked by Opposing Counsel's request for an award of $3,815.00 for *pro bono* services and related fees provided to Leon. (Doc. # 42 at 3:1-6.) This requested award is based upon Opposing Counsel's "regular hourly rate" multiplied by "13.80 hours spend by attorney DeVoy in this matter . . . ." (*Id.* at 3:4-6.) Opposing Counsel attempts to justify the amount of time spent on representing Leon on a *pro bono* basis for a thirty-minute hearing due to the complexity of the issues involved. (*Id.*at 3-4.) This alleged justification defies logic. There were no oppositions filed to the numerous pending motions. As such, the Court could not entertain substantive arguments as to their potential merit. The Court clearly noticed the hearing to ascertain the procedural posture of the case given the numerous filings being made by the Defendants. Preparation for such a hearing would have entailed a review of the Court's docket and possibly a review of the Complaint, the Amended Complaint and the related proof of service documents associated with these pleadings. Quite frankly, Opposing Counsel's hours spent in connection with his thirty-minute representation of Leon is astonishing. Adding insult to injury, the exorbitant fees requested by Opposing Counsel is sought under circumstances where he was admittedly engaged on a *pro bono* basis. (Doc. # 42 ¶ 6.)

The negotiations between Opposing Counsel and Righthaven's counsel, which have been asserted as recoverable attorney's fees, is equally troubling. First, it has always been Righthaven's counsel's understanding that any attorney's fee award would ordered payable to a non-profit or charitable organization serving those in need within Clark County or, at a minimum, those residing with the State of Nevada. This understanding is based on the Court's statements during the April 20, 2011 hearing, in which it recognized that Opposing Counsel was appearing in a limited capacity on a *pro bono* basis. While fee negotiations did take place between Righthaven's counsel and Opposing Counsel, at no point was it conceded that any unsuccessful efforts in this regard would be charged to Righthaven based on Opposing Counsel's regular hourly rate with the resulting fee being made payable not to a charitable organization or non-profit entity, but to Opposing Counsel's law firm. Second, there is simply no justification for Opposing Counsel's estimate that "[b]etween 9 and 10 hours have been spent . . . trying to resolve the issue of an attorney's fees award with Righthaven's counsel . . . ." (*Id.* at 3:18-20.) It

is simply beyond comprehension as to how Opposing Counsel spent "9 to 10 hours" negotiating an attorney's fee award with Righthaven's counsel.  (*See* Doc. # 42 at 3:18-20.)  Righthaven's counsel requested a copy of the retainer agreement entered into with Leon because Opposing Counsel asserted that its terms supported recovery of any attorney' fees and cost award.  In response, after considerable deliberation about whether or not such information would waive the attorney-client privilege, a portion of the retainer agreement was produced that purportedly authorized the recovery of fees and costs on a contingency basis.  (*Id.* at 2:13-15.)  When Righthaven's counsel inquired as to whether Leon had been engaged on a contingency basis, it was reaffirmed that his representation was being performed on a *pro bono* basis.  (*Id.* at 2:14.)  Simply put, Righthaven fully expected that any attorney's fees at issue would be paid to a charitable or non-profit organization based on the Court's comments at the April 20, 2011 hearing – it did not expect to have Opposing Counsel be compensated for the time spent negotiating a fee award paid to his firm.  In fact, such circumstances would necessarily promote protracted negotiations as a means for increasing any fee award sought if an agreement could not be reached between the parties.

In sum, had Righthaven known at the April 20th hearing that it was exposed to payment of a fee award payable to Opposing Counsel's firm rather than to a charitable or non-profit organization, it almost certainly would have elected to dismiss its claims against Leon with prejudice.  As made abundantly clear during the proceedings, Opposing Counsel was appearing on a *pro bono* basis for the limited purpose of representing Leon at the hearing.  When the hearing was concluded, so did Opposing Counsel's *pro bono* representation.  Apparently based on the Motion, however, Opposing Counsel's regular hourly billing rate continued to apply during the fee negotiation process despite the Court's indication that any fees incurred by Leon on a *pro bono* basis would likely result in an award to a charitable organization.  Righthaven's counsel participated in Opposing Counsel's efforts to resolve the fee award issue in good faith, but at no time was it contemplated that in doing so Righthaven was being billed at Opposing Counsel's regular hourly rate.  Again, if this result was truly contemplated by the Court at the April 20th hearing, Righthaven unquestionably would have elected to dismiss its claims against

Leon with prejudice to avoid some "9 to 10 hours" of attorney's fees, which amount to approximately $2,500.00, in trying to resolve this matter.  (*See* Doc. # 42 at 3:18-20.) To the extent such an option remains, Righthaven would certainly be willing to dismiss its claims against Leon with prejudice – particularly in view of the fact that it was agreed after the hearing that Righthaven did not intend to subject Leon to further legal proceedings.

In objecting to the fee request, Righthaven and its counsel wishes to acknowledge that it is not contesting Opposing Counsel's qualifications or the quality of his representation. Righthaven has interacted with Opposing Counsel in connection with numerous other matters in multiple jurisdictions.  Opposing Counsel has been nothing but professional, knowledgeable and entirely reasonable in facilitating the adjudication of these matters.  Thus, while Righthaven asserts that the fee award submitted is clearly unreasonable given the thirty-minute scope of Opposing Counsel's *pro bono* engagement, this should in no way be construed as a negative reflection on the professionalism, conduct or competency of his representation.

In conclusion, Righthaven agreed to dismiss its claims against Leon without prejudice based on the premise that a minimal attorney's fees award may result given Opposing Counsel's *pro bono* participation at a single, thirty-minute hearing.  Additionally, Righthaven elected to dismiss its claims without prejudice against Leon based on the Court's statement that any attorney's fee award would be made payable to a designated charitable or non-profit organization.  It was certainly not envisioned that Righthaven would have to pay Opposing Counsel's firm for a brief court appearance and then an estimated "9 and 10 hours" allegedly spent " trying to resolve the issue of an attorney's fees award with Righthaven's counsel . . . ." (Doc. # 42 at 3:18-20.)  If this were the case, Righthaven's counsel would have simply instructed Opposing Counsel to file this Motion, which undoubtedly would have resulted less billable time being spent during the negotiation process.  If Righthaven's counsel somehow misinterpreted the Court's directive, and it in fact fully envisioned an attorney's fee award to be paid to Opposing Counsel's firm for his brief *pro bono* appearance and subsequent negotiation-related efforts, a sincere apology is extended for this misunderstanding.  Righthaven stands prepared now, and would have done so at the April 20th hearing, to dismiss its claims against Leon with prejudice in

view of its counsel's fundamental misunderstanding or interpretation of the Court's statements at the April 20th hearing.  If the Court is not willing to permit Righthaven to change its decision to dismiss Leon with prejudice in view of these circumstances, it certainly requests that any award be substantially reduced from the amount sought by Opposing Counsel and that it be made payable to an appropriate non-profit or charitable organization.

Dated this 18th day of May, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano, Esq.
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 18th day of May, 2011, I caused the foregoing document to be to be served by the Court's CM/ECF system, as well as deposited in a sealed envelope, a copy of in the United States Mail, with first-class postage affixed thereto, to the following persons:

Michael Alan Leon
5767 Monticello Way
Fitchburg, WI 53719
*Pro Se Defendant*
*Michael Leon*

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano, Esq.
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*