SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>                Plaintiff,<br>v.<br><br>MICHAEL LEON, an individual; DENISE NICHOLS, an individual; and MEDBILLZ, INC., a corporation of unknown origin,<br><br>                Defendants. | Case No.: 2:10-cv-01672-GMN-LRL<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT DENISE NICHOLS' MOTION FOR ATTORNEY'S FEES AND COSTS** |

    Righthaven LLC ("Righthaven") hereby responds to Defendant Denise Nichols' ("Nichols") Leon") Motion for Attorney's Fees and Costs (the "Motion", Doc. # 47.).  The Motion has been brought in response to Righthaven's agreement to dismiss its Complaint against Nichols with prejudice pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)").  (Doc. # 43.)

    On April 20, 2011, the Court held a hearing to discuss the various motions being filed by the Nichols and Defendant Michael Leon ("Leon") and to ascertain whether service of process had been effectuated as these parties Leon.  Righthaven filed a status report prior to the hearing in an attempt to provide the Court with some guidance as to the procedural posture of the case.

Nichols appeared telephonically and through counsel at the hearing. Leon appeared through counsel and via telephone.

During the April 20th hearing, the Court presented the parties with two options: (1) have the asserted claims dismissed without prejudice pursuant to Rule 4(m) with the ability to seek an award of attorney's fees given the possibility that Righthaven could potentially re-file the action; or (2) have the asserted claims dismissed with prejudice pursuant to Rule 4(m) without having the ability to seek an award of attorney's fees because Righthaven would be precluded from re-filing the action. Given that Righthaven was in the midst of what it considered productive settlement discussions with counsel for Nichols, it was granted time to reach a resolution or, if that was not possible, to advise the Court as to whether it would consent to dismissal with or without prejudice pursuant to Rule 4(m).

On May 5, 2011, Righthaven filed a notice of voluntary dismissal with prejudice as to Nichols. (Doc. # 43.) At the time Righthaven filed its notice of voluntary dismissal, Nichols had not filed an answer. Rather, she had filed a motion to dismiss on April 11, 2011. (Doc. # 22.) "A plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment . . . Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action by filing a notice of dismissal under Rule 41(a)(1)." *Concha v. London,* 62 F.3d 1493, 1506 (9th Cir. 1995). The filing of a notice of dismissal effectively terminates the action without the need for a court order. *See Pedrina v. Chun,* 987 F.2d 608, 610 (9th Cir. 1993). Accordingly, Righthaven dismissed its claims against Nichols on May 5, 2011 by filing its notice of voluntary dismissal. (Doc. # 43.)

On May 19, 2011, after Righthaven had voluntarily dismissed its claims against her with prejudice, Nichols filed the Motion. (Doc. # 47.) Nichols claims that she is entitled to recover attorney's fees because she maintains the Court retains jurisdiction to consider collateral issues despite the action is no longer pending. (*Id.* at 2.) Nichols' contention in this regard is not only wrong, but her Motion contravenes the express directive of the Court that is would not permit such relief should the action be dismissed with prejudice.

As stated in Righthaven's notice of voluntary dismissal, it elected to dismiss the action with prejudice because a mutually agreeable resolution could not be reached with Nichols.  (Doc. # 43.)  As advised by the Court, Righthaven dismissed its claims against Nichols with prejudice based on the understanding that in doing so an award of attorney's fees would not be allowed. Righthaven's understanding is consistent with decisional law holding that an award of attorney's fees and costs cannot be awarded upon a dismissal with prejudice because there is no risk of further litigation.  *See Colombrito v. Kelly,* 764 F.2d 122, 134 (2d Cir. 1985); *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir. 1985).   Nichols' contention to the contrary relies upon a decision from the United States Court of Appeals for the Tenth Circuit that involved a dismissal *without* prejudice.  (Doc. # 47 at 2, citing *Lorillard Tobacco Co. v. Engida,* 611 F.3d 1209, 1218 (10th Cir. 2010).)  As Nichols has gained the assurance of no further litigation concerning the claims at issue in this action by way of Righthaven's voluntary dismissal with prejudice, she should not be entitled to an award of attorney's fees and costs.  This result is precisely in line with the Court's statements that it would not grant an award of attorney's fees and costs if a dismissal with prejudice were filed.  Accordingly, the Court should deny Nichols' Motion.

Nichols' Motion should also be denied because it is nothing short of an attempt at trying to extract blood money in the form of an attorney's fee award to which she in not entitled. Nichols' Motion requests a $1,500.00 award of attorney's fees and costs.  (Doc. # 47 at 2.) Nichols filed the Motion without counsel.  (*Id.*)  She has supplied the Court with a flat fee agreement from counsel, who is apparently no longer appearing in this action, in the amount of $600.  (*Id.* at 6.)  However, she asks for a recovery more than twice this amount in her Motion. Thus, not only is Nichols' Motion procedurally improper in view of Righthaven's voluntary dismissal with prejudice, it has clearly been filed as a means of extracting a monetary award to which she is not even substantively entitled.  Accordingly, the Court should deny the Motion.

In conclusion, Nichols' Motion is both procedurally improper.  The Court clearly stated at the April 20th hearing that it would not entertain an award of attorney's fees and costs if Righthaven's claims were dismissed with prejudice.  Righthaven voluntarily dismissed its claims against Nichols with prejudice.  Despite this fact, Nichols has sought an award that is neither

authorized by case law nor authorized by this Court's own statements made during April 20th hearing.  As such, the Motion is procedurally improper.  Nichols' Motion is also substantively flawed because it seeks relief to which she is not factually entitled.  Nichols has provided the Court with a flat fee agreement for $600, yet she seeks an award of $1,500.  (Doc. # 47 at 6.) Nichols' requested relief serves to underscore her stubborn desire to obtain something that she is simply not entitled to receive, which is precisely why Righthaven could not reach an amicable resolution of this matter with her.  (*See* Doc. # 43.)  It is also a likely reason why the Motion was filed by Nichols herself and not through her counsel of record.  Whatever the true circumstances may be, the fact remains that Nichols' Motion should be denied.  Righthaven respectfully requests the Court do so and deny Nichols' request for an attorney's fees award.

Dated this 6th day of June, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano, Esq.
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 6th day of June, 2011, I caused the foregoing document to be to be served by the Court's CM/ECF system, as well as deposited in a sealed envelope, a copy of in the United States Mail, with first-class postage affixed thereto, to the following persons:

Michael Alan Leon
5767 Monticello Way
Fitchburg, WI 53719
*Pro Se Defendant*
*Michael Leon*

Denise Nichols
4050 Cody Street
Wheat Ridge, Colorado 80033

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano, Esq.
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*