

**Denise Nichols
4050 Cody Street
Wheat Ridge, CO  80033
Phone  303 726 0738
E-mail:  dsnurse1@yahoo.com**

United States District Court
RE: Case No.: 2:10-cv-01672
Lance S. Wilson, Deputy Clerk
District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV  89101

**Civil Action No 2:10-CV-01672-GMM-LRN**

June 9, 2011

United States District Court,

Responding *pro se* to:

**Plaintiff Righthaven LLC's Response to Defendant Denise Nichols motion for Attorney's Fees and Costs [*Righthaven LLC v. Michael Leon*, Nichols et al; Civil Action No 2:10-CV-01672-GMM-LRN].**

Displaying the same stubborn posture Righthaven LLC has shown this Court and the same reckless disregard for facts, Righthaven again distorts the record in this matter.

On April 20, due to Righthaven's carelessness admitted to in its STATUS REPORT TO HEARING … for April 20 [FILED 04-18-2011], this Court declared at the beginning of the hearing that the cases against defendant Leon and co-defendant Nichols would be dismissed. The Court did not predicate this directive upon whether Righthaven "would consent to dismissal with or without prejudice." It made the directive and order clear at the April 20 hearing, irrespective of what Righthaven wished.

This Court left it to the defendants – as prevailing parties - to decide whether the dismissal would be with or without prejudice.

Facing life-threatening medical issues, I entered into good-faith negotiations with the plaintiff who admits in its April 20 Status Report that "Righthaven's Complaint apparently did not name Denise

1

Nichols ('Nichols') as a defendant in this action."

I had retained the counsel of Attorney John Arsenault and Mike Kimbrell who appeared for me at the April 20 hearing. Together this cost me $1,600, though both attorneys fairly donated *pro bono* their considerable time put in due to Righthaven intransigent posture before, during and after negotiations regarding a complaint served upon me, and yet it bears repeating a complaint that failed to mention me once, as admitted to by Righthaven.

Righthaven took this Court's ruling as an opportunity to engage in bad-faith negotiations before terminating the frivolous suit on May 6, through its Notice of Voluntary Dismissal, and then opposing my effort to obtain the very low amount of $1,600 in attorneys' fees, which I now request.

To review Righthaven's behavior in this case, it bears noting the following facts:

1 Righthaven served Denise Nichols with a complaint that fails to mention Nichols

2 Righthaven's cookie cutter lawsuits made misrepresentations in this case against multiple co-defendants, arguing two separate Venues for alleged infringements that are simply not credible. In one complaint against co-defendant Medbillz, Righthaven names the United States District Court for the Southern District of California as venue. In another complaint served on Leon, Righthaven says the proper venue is the United States District Court, District of Nevada.

3 Righthaven failed to serve defendant Leon within 120 days

Reading Righthaven's tortured April 20 Report, Righthaven also claims that "Righthaven filed the Amended Complaint in this action by mistake." (p.2)

Righthaven says I am attempting to ask the Court for a sum to which I am not entitled, though in its opposition Righthaven admits the mistakes are Righthaven's not mine.

The reason I am responding *pro se* is I simply cannot afford money for another attorney and Righthaven as made it clear in my co-defendant's *pro bono* case that it will oppose any and all claims for attorneys' fees and costs.

As Leon's *pro bono* attorney has written [Doc 48], "As an organization that has been characterized as a lawsuit mill that profits off of quick settlements, Righthaven's opposition is unsurprising as the payment of attorney's fees throws a sizable wrench into the working of the Righthaven lawsuit machine."

I am arguing that this Court has within in its authority and discretion to award me attorneys' fees and costs incurred for Righthaven's admitted mistakes and outright dishonesty demonstrated in this matter.

2

And I conclude by objecting to Righthaven's statement, "Nichols' Motion should also be denied because it is nothing short of an attempt at trying to extract blood money in the form of an attorney's fee award to which she in (sic) not entitled."

This is an offensive and foolish statement that deserves condemnation. Righthaven caused me great stress while I am dealing with critical medical issues that are serious! Righthaven's actions caused me to have to hire attorneys and even though the cost is reasonable 1600 dollars is still a cost that was not needed while I face other needs. My wish is to at least regain the costs that Righthaven's actions have cost me directly, it certainly does not cover all costs involved.

Very Truly Yours,

*Denise Nichols*  13 June 2011
Denise Nichols

Cc
Shawn Mangano, Esq.
Shawn A. Mangano, Ltd
9960 West Cheyenne Avenue, Ste 170
Las Vegas, Nevada  89129-7701
United States of America

Encs.

# Wessels & Arsenault, LLC

1001 W. 120th Ave ste. 214
Westminster, Colorado 80234

# INVOICE

Invoice # 2053
Date: 06/02/2011
Due On: 07/02/2011

Denise Nichols
4050 Cody Street
Wheatridge, Colorado 80033

## 2011-4-00060

## copyright infringement - RH

| Type | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 04/09/2011 | Communication - Client: Visit with client initial strategy | 0.4 | $175.00 | $70.00 |
| Service | 04/09/2011 | Communication - Opposing: Call to RH - S. Ganim | 0.1 | $175.00 | $17.50 |
| Service | 04/09/2011 | Communication - Third Party: Call to MK | 0.1 | $175.00 | $17.50 |
| Service | 04/09/2011 | Communication - Client: Call from DN | 0.3 | $175.00 | $52.50 |
| Service | 04/11/2011 | Communication - Third Party: Call to MK | 0.3 | $175.00 | $52.50 |
| Service | 04/13/2011 | Communication - Client: Call to DN | 0.2 | $175.00 | $35.00 |
| Service | 04/13/2011 | Communication - Opposing: Call to RH - S. Ganim | 0.3 | $175.00 | $52.50 |
| Service | 04/13/2011 | Communication - Client: Call to DN | 0.3 | $175.00 | $52.50 |
| Service | 04/14/2011 | Communication - Third Party: Call to MK | 0.3 | $175.00 | $52.50 |
| Service | 04/14/2011 | Communication - Client: Call to DN | 0.3 | $175.00 | $52.50 |
| Service | 04/14/2011 | Communication - Opposing: Call to RH | 0.2 | $175.00 | $35.00 |
| Service | 04/14/2011 | Communication - Opposing: Email to RH | 0.1 | $175.00 | $17.50 |
| Service | 04/14/2011 | Communication - Third Party: Call to D. Kerr | 0.3 | $175.00 | $52.50 |
| Service | 04/14/2011 | Communication - Third Party: Call to MK | 0.1 | $175.00 | $17.50 |
| Service | 04/14/2011 | Communication - Third Party: Talk with S. Mangano | 0.5 | $175.00 | $87.50 |
| Service | 04/19/2011 | Communication - Client: Email to DN | 0.1 | $175.00 | $17.50 |
| Service | 04/19/2011 | Communication - Third Party: Call to MK | 0.1 | $175.00 | $17.50 |
| Service | 04/21/2011 | Communication - Third Party: Call from MK | 0.2 | $175.00 | $35.00 |
| Service | 04/22/2011 | Communication - Opposing: Talk with S. Mangano | 0.8 | $175.00 | $140.00 |
| Service | 04/26/2011 | Communication - Opposing: Talk with S. Mangano | 0.6 | $175.00 | $105.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 04/27/2011 | Communication - Third Party: Call to and from MK | 0.4 | $175.00 | $70.00 |
| Service | 04/27/2011 | Communication - Third Party: Call from D. Kerr | 0.2 | $175.00 | $35.00 |
| Service | 04/27/2011 | Communication - Client: Call and email to DN | 0.1 | $175.00 | $17.50 |
| Service | 05/04/2011 | Communication - Third Party: Call to MK | 0.2 | $175.00 | $35.00 |
| Service | 05/04/2011 | Communication - Client: Call to DN | 0.2 | $175.00 | $35.00 |
| Service | 05/04/2011 | Communication - Opposing: Talk with S. Mangano | 0.3 | $175.00 | $52.50 |
| Expense | 06/02/2011 | Reimbursable expense: not billing these hours | 1.0 | $-225.00 | $-225.00 |

| | |
|---|---|
| Total | $1,000.00 |
| Payment (06/02/2011) | $-1,000.00 |
| Balance Owing | $0.00 |

## Detailed Statement of Account

**Current Invoice**

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 2053 | 07/02/2011 | $1,000.00 | $1,000.00 | $0.00 |

Please make all amounts payable to: Wessels & Arsenault, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I have e-mailed a copy of:

**REPLY TO OPPOSITION FOR MOTION FOR ATTORNEYS' FEES AND COSTS**

To Atty Shawn Mangano representing Righthaven LLC

And served motion for mailing in the United States Mail, in a sealed envelope addressed to the following:

Steven A. Gibson, Esq
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701

Shawn Mangano, Esq.
Shawn A. Mangano, Ltd
9960 West Cheyenne Avenue, Ste 170
Las Vegas, Nevada 89129-7701
United States of America

_Denise Nichols_   13 June 2011
Denise Nichols
*Pro Se*
4050 Cody Street
Wheat Ridge, CO 80033