# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, | Case No.: 2:10-cv-01672-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| MICHAEL LEON et al., | |
| Defendant. | |

Before the Court is Defendant Michael Leon's Motion for Attorney's Fees and Costs (ECF No. 42). Plaintiff Righthaven filed a Response (ECF No. 46) and Defendant filed a Reply (ECF No. 48).

Plaintiff filed suit against Defendant Leon alleging copyright infringement pursuant to 17 U.S.C. § 501 on September 27, 2010. Plaintiff filed an Amended Complaint on November 24, 2011 before serving any defendants. Defendant Leon was eventually served with a complaint and subsequently filed an Answer (ECF No. 19) and Motion to Dismiss (ECF No. 23) the complaint. Defendant, a pro se party, filed other motions and documents regarding the Amended Complaint. Defendant Denise Nichols also appeared and filed a Motion to Dismiss (ECF No. 22). After the multiple filing from the Defendants, the Court became suspicious that there may have been a problem with service of the Amended Complaint and therefore set a hearing to discuss the matter. (ECF No. 30).

A hearing was held on April 20, 2011. (ECF No. 37). The Court found that the defendants were not properly served with the Amended Complaint and that the deadline to serve the defendants had passed. The Court granted Defendant Leon's Motion to Dismiss without prejudice. At the hearing, the Court asked the parties to stipulate to either a dismissal

without prejudice and an award of attorney's fees or a dismissal with prejudice but without an award of attorney's fees.  Plaintiff and Defendant Leon stipulated that dismissal would be without prejudice but with an award of attorney's fees.

Attorney J. Malcolm DeVoy IV was retained by Defendant Leon for the April 20, 2011 hearing.  Mr. DeVoy is an attorney for the Randazza Legal group and rendered his services to Defendant Leon on a pro bono basis.  Mr. DeVoy was able to secure Mr. Leon's Motion to Dismiss without prejudice.  Mr. DeVoy now presents the current motion for attorney's fees and costs for his services in securing the dismissal.  Mr. DeVoy now requests that pursuant to the written retainer agreement between himself and Defendant Leon, that he be awarded attorney's fees directly instead of the Court directing Plaintiff to pay the fees to a charitable organization as discussed at the hearing.

Randazza Legal Group and Mr. DeVoy seek an award of attorney's fees and costs consisting of $3,795.00 for 13.80 hours of legal work and $20.00 for costs.  Mr. DeVoy's hourly rate is $275 per hour and he provides a brief summary of the hours and labor and results obtained in accordance with Local Rule 54-16(b).

Plaintiff opposes any attorney's fees being awarded to Mr. DeVoy or Randazza Legal Group because it was Plaintiff counsel's understanding that any award of attorney's fees would be directed to a charitable organization since Mr. DeVoy was representing Defendant Leon on a pro bono basis.  The Court finds that it would be appropriate to award attorney's fees to the law firm in light of the pro bono representation of Defendant Leon.  *See*, *e.g.*, *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010) (denying attorney's fees would discourage pro bono representation). Further Plaintiff argues that the amount of hours spent negotiating the amount of fees after the hearing is unreasonably high.

Calculation of reasonable attorney's fees is a two-step process.  First, the court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the

number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000) (citation omitted).  The next step is to decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119. The *Kerr* factors are: (1) the time and labor required, 2) the novelty and the difficulty of the questions involved, 3) the skill required to perform the legal service properly, 4) the preclusion of other employment by the attorney due to the acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or circumstances, 8) the amount involved and the results obtained, 9) the experience, reputation, and ability of the attorney, 10) the "undesirability" of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir.1975). The *Kerr* factors are consistent with the local rule governing motions for attorney's fees. *See* LR 54-16(b)(3).

Under the first step of the lodestar method the court looks to see if the rate and hours are each reasonable.  Mr. DeVoy's hourly rate is $275 per hour.  The Courts find that this is a reasonable fee for an associate in the Las Vegas legal market.  Next, Mr. DeVoy calculates his total hours spent in representing Defendant Leon for the hearing and in preparation of this motion to be 13.80 hours.  It appears that many of the hours allotted were incurred in negotiating the attorney's fees with Plaintiff and drafting the current motion.  Regardless, the Court finds the hours to be reasonable.

The next step is to decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors.  Mr. DeVoy provides a brief summary of the hours and labor and results obtained in accordance with Local Rule 54-16(b).  The Court does not find that there should be any increase or decrease based on these factors.

**IT IS HEREBY ORDERED** that Defendant Michael Leon's Motion for Attorney's

1  Fees and Costs (ECF No. 42) is **GRANTED**.  Plaintiff Righthaven is **ORDERED** to pay Mr.

2  DeVoy and Randazza Legal Group $3, 815.00 in fees and costs.

3  DATED this 5th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge