J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Appearance Attorney for Defendant,
*Michael Leon*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company, | Case No. 2:10-cv-01672 |
| Plaintiff, | **MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW** |
| vs. | |
| MICHAEL LEON, an individual; DENISE NICHOLS, an individual; and MEDBILLZ, INC., a corporation of unknown origin, | |
| Defendants. | |

### MOTION FOR PRELIMINARY INJUNCTION

Randazza Legal Group (alternatively, the "Firm") and attorney J. Malcolm DeVoy IV ("DeVoy"), retained for a April 20, 2011 hearing by Michael Leon ("Leon") in the above-captioned matter, hereby brings this Motion for Preliminary Injunction against Righthaven LLC (hereinafter, "Righthaven"), moving the Court to enter a limited, preliminary injunction against Righthaven from disgorging $3,815 of liquid assets that it may possess until it satisfies the Court's order requiring it to pay attorney's fees to Randazza Legal Group, and related judgment, in this action (*See* Docs. # 52, 53).

### FACTUAL BACKGROUND

1.      On April 20, 2011, the Court dismissed Righthaven's case against Leon, without prejudice, and awarded attorney's fees to Defendant Leon. (Doc. # 37.)

- 1 -

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

2.      After failed negotiations detailed in DeVoy's affidavit in support of his Motion for Fees, the Firm moved for attorney's fees related to its representation of Leon (Docs. # 42, 42-2).

3.      On July 5, 2011, this Court issued an Order awarding DeVoy and the Firm to a fee award of $3,815.00 against Righthaven. (Doc. # 52.)

4.      That same day, the Court's clerk entered judgment in the Firm's favor for $3,815.00. (Doc. # 53.)

5.      Despite a conversation with Righthaven's counsel concerning this Court's award, Righthaven has declined to commit to paying the duly entered fee award, and currently no payment schedule, plan, or other agreement for Righthaven to pay Randazza Legal Group's fees, as ordered by the court, is in place. (Declaration of J. Malcolm DeVoy ¶¶ 2-7.)

6.      Furthermore, given Righthaven's tactics and activities to date – and in particular the dilatory, bad faith "negotiations" that led to such a substantial fee award in this case – it is quite likely (if not inevitable) that Righthaven will take steps to disgorge its assets or use other means to attempt to frustrate this Court's fee award and judgment entered against it.  (*See* DeVoy Decl. ¶¶ 8-10.)

7.      Accordingly, as the Firm has already succeeded in dismissing Righthaven's case against Leon and recovered an award of attorney's fees in this case (Docs. # 37, 52, 53), and because there is a real possibility that Righthaven will take steps to evade such an award, judicial intervention is necessary and proper.

## **MEMORANDUM OF LAW**

8.      The purpose of the fee shifting statute within the Copyright Act, 17 U.S.C. § 505, is both to punish losing parties who have put forth frivolous, meritless arguments, and to make whole defendants who bring meritorious, winning arguments that further courts' understanding of the Copyright Act.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994) (discussing this concept and observing that baseless lawsuits inure toward the award of attorney's fees to the prevailing party); *Love v. Mail on Sunday*, Case No. CV-05-7798, *2007 U.S. Dist. LEXIS 97061*

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 2 -

at * 17 (C.D. Cal. Sept. 7, 2007).  Both purposes will be frustrated if the Court fails to issue the requested relief.

9.      Courts routinely issue preliminary injunctions freezing defendants' assets in circumstances like this one.  *See, e.g.*, *Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 86-87 (2d Cir. 1996).  Pending Righthaven's satisfaction of the Firm's judgment, it will only be enjoined from *disposing* of its financial and other assets, or moving them to accounts, locales or ownership beyond the reach of this Court's lawful orders.

**A. The Preliminary Injunction Standard**

10.      A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest). *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011); *Quiroga v. Chen*, F. Supp. 2d 1226, 1227 (D. Nev. 2010).

11.      In light of Righthaven's conduct in litigation within this District and across the nation, this remedy is appropriate to ensure that Righthaven's victims are not once again harmed through voluntary insolvency or other financial sleight of hand.  Righthaven has engaged in extreme conduct, and fee awards imposed upon it must be paid.  Otherwise, Righthaven will evade liability for its actions.   This relief is sought solely to ensure that the punishment this Court has imposed upon Righthaven, requiring it to pay fees to the Firm due to mishandling its litigation against Leon, it will have the fees to pay this awards – and will actually pay it.

**B. 17 U.S.C. § 505 and Likelihood of Success on the Merits**

12.      Under 17 U.S.C. § 505, a court may grant the prevailing party an award of costs and attorney's fees. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614-15 (9th Cir. 2010); *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994).  In this case, the Firm has already won, with an award of attorney's fees made and judgment entered in its favor. (Docs. # 52, 53.) With Leon dismissed from the action and fees awarded to the Firm, there is no question that

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 3 -

Leon is the "prevailing party" within the statute's meaning. *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001) (defining a "prevailing" party as the party to obtain "a material alteration of the legal relationship of the parties").

13.     In this case, Leon prevailed over Righthaven. (Doc. # 28.)

14.     There is not merely a *likelihood* of success in this case – Leon and the Firm *have already won* against Righthaven, moved for fees, received an award of fees and had judgment entered in the Firm's favor (Docs. # 42, 52, 53).   The threshold of substantial likelihood of success is far surpassed in this case, as the Firm has achieved *actual* success, up to an including an Order awarding attorneys fees and judgment in its favor for that amount. (*Id.*)

**C. The Movant will suffer irreparable harm in the absence of an injunction, given the strong possibility that Righthaven will take actions to frustrate a judgment in this case – namely, liquidating its assets.**

15.     This Court has already determined that Righthaven must pay the Firm $3,815.00. (Docs. # 52, 53.)   Now, the Firm simply seeks an injunction to keep Righthaven – an LLC owned by two other LLCs – from disgorging its funds, frustrating the Firm's ability to recover its judgment for attorney's fees from Righthaven.

16.     Irreparable harm exists where, in the absence of equitable relief, there is a substantial chance that upon final resolution, the movant cannot be made whole.   *See Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999). "[A] district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment." *Hilao v. Marcos (In re Estate of Marcos)*, 25 F.3d 1467, 1480 (9th Cir. 1994).   If a party is likely to take actions that will frustrate a judgment, then the movant's irreparable harm is shown.   *See Signal Capital Corp. v. Frank*, 895 F. Supp. 62, 64 (S.D.N.Y. 1995).   As journalists have discovered that Righthaven

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 4 -

1    is supported in part by a $500,000 investment from Stephens Media LLC, its ability to set aside
2    $3,815.00 should not pose a hardship to Righthaven.[1]

3         17.    Righthaven is not a publicly traded company with widely disclosed SEC filings,
4    and its particular financial condition is unknown.  Between the $3,815 judgment entered in this
5    case (Doc. # 32), the $34,000 in fees sought in *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-
6    00050 (Docs. # 28, 30, 32) (D. Nev. July 5, 2011), and the approximately $119,000 sought in
7    *Righthaven LLC v. DiBiase*, Case No. 2:10-cv-01343 (Doc. # 78) (D. Nev. July 6, 2011),
8    Righthaven's liabilities are quickly mounting – giving it the perfect reason to fraudulently
9    transfer away assets to its owner LLC's, or otherwise move such money out of the Court's reach.

10        18.    As the Firm has already been awarded fees and a judgment against Righthaven, its
11   inability to recover the judgment levied by this Court will constitute irreparable harm.  That
12   inability likely will be the result of Righthaven's actions to disenfranchise DeVoy, the Firm, and
13   others, of any recoveries they are rightly owed.  Beyond the monetary value of such a judgment,
14   having Righthaven pay the Firm's fees for failing to properly conduct its litigation is a strong
15   admonishment to Righthaven – and one that will be meaningless if Righthaven is not required to
16   pay the judgment entered against it, and allowed to spirit its assets off beyond this Court's reach.

17        **D. Balance of Hardships weighs considerably in the Firm's favor**

18        19.    The hardship to the Firm will be that Righthaven will likely render this Court's
19   judgment (Doc. # 53) meaningless, as there is a significant risk that Righthaven will move assets
20   outside the jurisdiction in order to evade the consequences of a monetary judgment.  *See* DeVoy
21   Decl. ¶¶ 8-9.

22        20.    In contrast, Righthaven will suffer no prejudice if a portion of its assets are frozen
23   or deposited to this Court to be held as a bond or in trust.  Righthaven will still be able to <u>operate</u>
24   as it has since the inception of the case, as it will still be able to collect settlements and
25   judgments acquired in its numerous pending cases in this District, in Colorado and in South
26   Carolina.  Righthaven will be released from this freeze either when it satisfies its judgment or if

27
28

[1] David Kravets, Newspaper Chain Fights for Copyright Troll's Survival, Wired (June 29, 2011),
http://www.wired.com/threatlevel/2011/06/stephens/ (last accessed July 7, 2011).

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

it comes to an alternative agreement with the Firm.  In the event that Righthaven proves its hardship, it may propose a bond amount to the Court.  However, the burden will be upon Righthaven to show hardship.  *See Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 321 F. 3d. 878, 882 (9th Cir. 2003) (in an asset freeze preliminary injunction, "the bond amount may be zero if there is no evidence the party will suffer damages from the injunction").

21.    With more than 270 cases filed, Righthaven's ability to acquire funds through settlements and judgments is not impeded by an injunction preventing it from disposing or otherwise transferring $3,815.00 worth of its liquid assets.

**E. The Injunction Serves the Public Interest.**

22.    A court's award of attorney's fees, especially in cases of *pro bono* representation, is important in promoting the enforcement of fee-shifting statutes.  *Curran v. Dept. of Treasury*, 805 F.2d 1406, 1408 (9th Cir. 1986).  Indeed, this is a practice that even the United States Supreme Court has ratified.  *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984).  If Righthaven can disregard the Federal Rules of Civil Procedure and requirements imposed upon it by this Court – leading to an award of attorney's fees – and then ignore its obligation to satisfy the Court's judgments against it, while spiriting all of its collectable assets away, then there is little strength behind federal fee shifting statutes, and even the Copyright Act itself.  The public interest strongly favors issuance of the requested relief.

23.    While this motion is brought by the Firm behalf, it is not the only person or entity seeking an award of attorney's fees from Righthaven.  Righthaven has already refused to take seriously the judgment entered against it for $3,815 this case. (DeVoy Decl. ¶¶ 2-7.)  As noted, defendants Hoehn and DiBiase have also moved for fees against Righthaven, in the sums of approximately $34,000 and $119,000, respectively.  *Hoehn*, Case No. 2:11-cv-00050 (Doc. # 32); *DiBiase*, Case No. 2:10-cv-01343 (Doc. # 78).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

24.     There is a strong public interest in ensuring that Righthaven is not able to shirk off its obligation to pay its judgment to the Firm after this Court awarded it attorney's fees based primarily on Righthaven's conduct in this litigation.  After all, this is the same Righthaven that:

a.      Took more than one year to reveal the Strategic Alliance Agreement governing Stephens Media LLC's assignment of copyrights to Righthaven, which was ultimately determined to be a sham transaction *See Hoehn*, Case No. 2:11-cv-00050 (Doc. # 28);

b.      Hastily executed a mendacious "Clarification" to its patently defective Strategic Alliance Agreement, which still failed to confer Righthaven with standing to bring these lawsuits  (*id*.);

c.      Filed hundreds of lawsuits within this District based on these faulty copyright assignments;

d.      Failed to disclose Stephens Media LLC's 50% financial stake in the litigation until compelled to do so under threat of sanctions from this Court's colleague, *Democratic Underground*, *2011 WL 2378186* at *1;

e.      Was accused of making "multiple inaccurate and likely dishonest statements to the Court" by the same colleague of this Court, *id*.;

f.      Has allegedly delayed, vexed and harassed litigants at numerous opportunities, *see Democratic Underground*, 2:10-cv-01356, Reply Brief (Doc. # 133) (detailing instances of alleged dishonesty by Righthaven and Stephens Media LLC); *DiBiase*, 2:10-cv-01343 (Doc. # 78 at 9-10);

g.      Refuses to take seriously the judgment for attorney's fees entered against it in *Leon*, and seems to have no plans or intention of satisfying the judgment (DeVoy Decl. ¶¶ 8-9); and

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

h.    Predicated its dozens of lawsuits in the District of Colorado, using content obtained from Media News Group, Incorporated, parent company of *The Denver Post*, on agreements that are so substantively identical to the Strategic Alliance Agreement used between Righthaven and Stephens Media LLC that this Court's colleagues would absolutely invalidate them. *See*, e.g., *Democratic Underground, 2011 WL 2378186* at *1. These documents are on the public record in *Righthaven v. Wolf et al*, Case No. 1:11-cv-00830 (D. Colo., July 8, 2011) and attached hereto as Exhibits A and B.

25.    Despite the foregoing, Righthaven's CEO, Steven Gibson, has insisted that Righthaven respects the judicial process – a statement that any of the hundreds of Righthaven's defendants, virtually all of them sued without Righthaven possessing standing to do so, would severely dispute. Gibson has even admonished others, hypocritically, that they "need to respect the judicial process," and bizarrely distorted the rulings of this District as "guidance" to Righthaven's competitors.[2]  Yet now, when the Court has Ordered Righthaven to pay fees to a prevailing party and entered judgment against it, this great respect for the judicial process is nowhere to be found.

26.    Everything Righthaven has done to date, detailed above in ¶ 24, shows nothing but contempt for the judicial process.  For Righthaven to *not* actively subvert the Firm's, and others', entitlement to recover attorney's fees would be a remarkable change in direction from Righthaven's conduct over the past year.  As such scruples have been sorely lacking to date, and are unlikely to spontaneously manifest now, when faced with a judgment for attorney's fees – and almost certainly with more to come – the public has a vast, well-founded interest in ensuring

---

[2] Mike Masnick, *Righthaven CEO: Judges Are Really Just Giving Guidance To Righthaven Competitors*, Techdirt (June 24, 2011), http://www.techdirt.com/articles/20110624/02490614837/righthaven-ceo-judges-are-really-just- giving-guidance-to-righthaven-competitors.shtml (*last accessed* July 7, 2011).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven actually pays the judgments entered against it and accepts this Court's reprimand for its transgressions.

27.     Issuance of an injunction will not injure Righthaven or any third party.  A preliminary injunction against disbursement of a mere $3,815.00 worth of its assets does not harm Righthaven, nor even modify its conduct; such a restraint merely enjoins Righthaven from carrying assets out of the Court's reach.  The Court upholds the public interest by protecting the value and enforceability of fee-shifting statutes, incentivizing pro bono representations so that those who serve the public good receive the awards Courts enter for them – and that those who subvert the judicial process are actually punished. *See Curran*, 805 F.2d at 1408.

## CONCLUSION

28.     The Firm has already succeeded on its Motion for Attorney's Fees (Docs. # 52, 53).  Clear, immediate, and irreparable harm is present through Righthaven's failure to pay the judgment, or make any plans to do so, and obvious indifference to heeding this Court's Orders.  The balance of hardships weighs heavily in favor of protecting the Firm's award of attorney's fees, and ensuring it is actually honored by Righthaven.  The requested preliminary injunction will further the public interest in enforcing federal law and fee-shifting statutes, while further incentivizing *pro bono* representation of those in great need of legal services, and protecting other victims of Righthaven who have not yet had the opportunity to seek their rightful fees.

**WHEREFORE,** Plaintiff requests that this Court enter an Order:

A.     Directing Righthaven to immediately freeze $3,815.00 of liquid assets held by Righthaven, or under its control, so that they may not be transferred beyond this Court's jurisdiction, or beyond the jurisdiction of any U.S. court, as Righthaven's bank accounts and office equipment are likely the only recoverable assets that it has within the borders of the United States.  In the alternative, this amount may be placed in care of the Court by trust or bond to expedite collection by Writ of Execution or as otherwise directed by this Court.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 9 -

B. Directing that this Order shall stand until Righthaven satisfies any judgment entered in this case, or until Righthaven shows cause as to why the Order should be lifted.


Dated July 9, 2011                                        Respectfully Submitted,

                                                         RANDAZZA LEGAL GROUP


                                                         _____
                                                         J. Malcolm DeVoy IV

                                                         Appearance Attorney for
                                                         Defendant,
                                                         *Michael Leon*
                                                         _____

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 9th day of July, 2011, I caused the document(s) entitled:

• **MOTION FOR PRELIMINARY INJUNCTION**

and all attachments to be served as follows:

[   ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[   ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ X ]   by the Court's CM/ECF system.


/s/ J. Malcolm DeVoy

J. Malcolm DeVoy

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113